**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| **In re:** | |
| **MARK R. BINEBRINK &** | **Chapter 7** |
| **DONNA M. BINEBRINK,** | **Bankr. Case No. 10-50575** |
| **Debtors.** | |
| **W. CLARKSON MCDOW, JR.,** | |
| **UNITED STATES TRUSTEE** | **Motion No.** |
| **FOR REGION FOUR,** | |
| **Movant,** | |
| **v.** | |
| **MARK R. BINEBRINK &** | |
| **DONNA M. BINEBRINK,** | |
| **Respondents.** | |

**UNITED STATES TRUSTEE'S MOTION 11 UNDER U.S.C. § 707(b)(1) TO
DISMISS CHAPTER 7 CASE FOR ABUSE**

W. Clarkson McDow, Jr., United States Trustee, by and through his undersigned counsel, moves to dismiss this chapter 7 case under the provisions of 11 U.S.C. § 707(b)(1). In support thereof, the United States Trustee alleges the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This motion is filed under 11 U.S.C. § 707(b)(1).

## FACTUAL BACKGROUND

2. This case commenced with a voluntary petition filed under 11 U.S.C. §§ 301 and 701, *et seq*. on April 8, 2010.

3. The Section 341(a) meeting for the case was scheduled for May 3, 2010.

4. On the Official Form 22A (the "Means Test Form"), the debtors state that their annualized Current Monthly Income (hereafter "CMI"), as defined by §§101(10A) and 707(b)(2) of the Bankruptcy Code is $76,020.84 or $6,335.07 per month. The debtors assert that they have a household of 5 members and their annualized monthly income exceeds the applicable median family income of $93,133. The debtors concluded that the presumption of abuse under 11 U.S.C. § 707(b)(2) does not arise. The United States Trustee agrees that the presumption of abuse does not arise.

5. Mr. Binebrink is a commercial specialist for Lowe's Home Center where he has worked for seven years. On Schedule I, he lists his gross monthly income as $3,785.74. After deductions of $672.55 for payroll taxes and Social Security, $379.17 for insurance, and $134.33 for miscellaneous deductions, Mr. Binebrink reports monthly income of $2,599.69.

6. Mrs. Binebrink is a registered nurse for the Department of Veterans Affairs where she has worked for two months. On Schedule I, she reports monthly gross income of $5,469.04. After deductions of $1,251.56 for payroll taxes and Social Security, and $102.64 for insurance, she reports monthly income of $4,252.99.

7. Mr. and Mrs. Binebrink list three dependents on Schedule I: a 20 year old son, a 13 year old daughter, and a 4 year old son.

8. According to Schedule J, the debtors have monthly expenditures of $6,855. Their reported monthly expenses exceed their combined reported monthly income of $6,852.68, after payroll deductions by $2.32.

9. On Schedule A, the debtors list residential real property in Strasburg, Virginia with a value of $139,000. They also list a time share at Ocean Key Resort in Virginia Beach, Virginia with a value of $2,000.

10. On Schedule B, the debtors list personal property of $67,083 comprised of Chevy Silverado ($7,890); 2003 Saturn Vue ($4,725); 2005 Chevy Tahoe ($6,000); $37,309 on Lowe's 401(k); $4,066 in accrued wages; balance in miscellaneous furniture and clothing.

11. On Schedule D, the debtors list secured debts that total $240,594 consisting of first deed of trust on their residence ($215,186); a second deed of trust on residence ($12,762); a loan secured by timeshare ($3,980); and a loan secured by Saturn ($8,666).

12. Schedule F lists $26,514 in non-priority unsecured debt comprised of amounts owed for credit cards, personal loans, and medical expenses. .

13. The debtors admit that they list primarily consumer debt on theirs petition.

## THE CASE SHOULD BE DISMISSED FOR
## ABUSE UNDER THE TOTALITY OF THE CIRCUMSTANCES.

14. The Court may dismiss the debtors' case if it finds the case was filed in bad faith or if the totality of the circumstances of the debtors' finance situation demonstrates abuse.

15. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph does not arise or is rebutted, the court shall consider
>
>> (A) whether the debtor filed the petition in bad faith; or
>> (B) the totality of the circumstances … of the debtor's financial situation demonstrates abuse.

16. In this case the debtors' Schedules I & J show that the debtors' expenses exceed their monthly income, after payroll deductions by $2.32.

17. However, upon information and belief, the debtors have understated the estimated monthly income on Schedule J. Because of a recent change in jobs by Mrs. Binebrink, the debtors have a combined monthly gross income of $10,276.15, and a combined net income, after payroll deductions of $8,294.11.

18. In addition, Schedule J includes questionable or unnecessary expenses of cellular phones and cable television; preschool and daycare expenses; duplicative expenses for vehicle repair and operation; household supplies; educations expenses for the Binebrink's adult son; children's summer educational activities; and payment for the timeshare in Virginia Beach. These expenses are either excessive or unnecessary for the maintenance and support of the debtors.

19. If the debtors' budget was adjusted to reduce expenses unnecessary for the maintenance and support, and items that are otherwise excessive, the debtors would have significant disposable income available to repay at least a portion of their unsecured debt.

20. This ability to repay a portion of the debtors' unsecured non-priority claims, under the totality of the circumstances of this case, is an abuse of the provisions of chapter 7 within the meaning of 11 U.S.C. § 707(b)(3), and this case should be dismissed pursuant to 11 U.S.C. § 707(b)(1).

- 5 -

WHEREFORE, the United States Trustee prays that, pursuant to § 707(b)(1), the Court dismisses this case, and for such other and further relief as is just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATE:  July 2, 2010 | |
| | W. CLARKSON McDOW, JR. |
| Office of United States Trustee | U.S. TRUSTEE, REGION FOUR |
| First Campbell Square | |
| 210 First Street - Suite 505 | By:    */s/ Joseph A. Guzinski* |
| Roanoke, Virginia 24011 | Joseph A. Guzinski |
| (540) 857-2806 | Trial Attorney |

**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| **In re:** | |
| **MARK R. BINEBRINK &** | **Chapter 7** |
| **DONNA M. BINEBRINK,** | **Bankr. Case No. 10-50575** |
| Debtors. | |
| **W. CLARKSON MCDOW, JR.,** | |
| **UNITED STATES TRUSTEE** | |
| **FOR REGION FOUR,** | |
| Movant, | |
| v. | |
| **MARK R. BINEBRINK &** | |
| **DONNA M. BINEBRINK,** | |
| Respondents. | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the United States Trustee has filed a Motion for an Order dismissing this case for substantial abuse of the provisions of chapter 7 of Title 11 of the United States Code. A **preliminary scheduling hearing** on the Motion to Dismiss will be held on August 4, 2010 at 10:00 AM in Harrisonburg, Courtroom, 3rd Flr, US Courthouse, 116 N Main St., Harrisonburg, VA 22802.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2010, I electronically filed the foregoing Motion and Notice of Hearing with the Clerk of the Court and transmitted said documents through the electronic case filing system and served true and correct copies of these documents electronically and by first class mail, postage prepaid, to the parties on the attached service list.

*/s/ Joseph A. Guzinski*
Joseph A. Guzinski
Trial Attorney

- 2 -

SERVICE LIST

Deanna Dawson Tubandt, Esq.
Deanna Tubandt, Attorney
126 Creekside Lane
Winchester, VA 22602
(540) 450-3328
Email: deanna@tubandt.com*Attorney for the Debtors*

John G. Leake
PO Box 526
Harrisonburg, VA 22803
540-434-7425
*Chapter 7 Trustee*

and by first class mail, postage, pre-paid to:

Mark R. Binebrink
Donna M. Binbrink
589 Bowman Mill Road
Strasburg, VA 22657
*Chapter 7 Debtors*